AMERICAN SURETY CO. and ÁNGEL MONZÓN, Plaintiffs and Appellees, *v.* RAMÓN IZQUIERDO and MARYLAND CASUALTY CO., Defendants and Appellants.

No. 10752.   Argued March 6, 1953.—Decided July 23, 1953.

*Charles R. Hartzell* (*F. Prieto Azúar,* on the brief) for appellants. *Emilio de Aldrey* for appellees.

MR. JUSTICE SIFRE delivered the opinion of the Court.

In the former District Court of Puerto Rico, Bayamón Section, the American Surety Co., filed a complaint against Ramón Izquierdo and Maryland Casualty Co., alleging, among other things, that a truck belonging to Izquierdo, driven by one of his employees, suddenly came out of an alley and collided, as a result of the employee's negligence, with an automobile belonging to Ángel Monzón which he was driving at that moment on the road leading from Comerío to Bayamón; that due to the collision the insured automobile of the plaintiff suffered damages and that the repairs were paid by the plaintiff company which has been subrogated to the rights and actions of Monzón; that on the day of the

accident the codefendant Maryland Casualty Co., had issued an insurance policy in favor of the defendant Ramón Izquierdo with a public liability risk clause to cover damages which the truck might cause. The complaint prayed for judgment ordering the defendant to pay plaintiff what the latter had paid for the repair of Monzon's vehicle, plus costs and attorney's fees.

The defendants answered, denying the essential averments of the complaint, and alleging by way of special defenses that: (1) The complaint does not state facts constituting a cause of action; (2) If the accident did occur, it was entirely due to Ángel Monzón's negligence; (3) Assuming that the accident occurred and that it can not be attributed to Monzón's sole negligence, then the accident was due to his contributory negligence, or at most, to a casual, inevitable or fortuitous circumstance.

A trial was held and both parties introduced evidence. The trial court rendered judgment ordering defendants to pay to plaintiff the amount of $947.05, costs and $200 for attorney's fees. The case is here on appeal from that judgment. The defendants contend that we should reverse the judgment because the trial court erred, (1) in failing to state separately its findings of fact and conclusions of law, as required by Rule 52(a) of the Rules of Civil Procedure; (2) in admitting in evidence a policy indorsement when the policy itself was the best evidence; (3) in sustaining the complaint "when it clearly appears from the evidence introduced by the plaintiff-appellee that the insured to whose rights it had been subrogated was guilty of negligence or contributory negligence"; (4) in failing to apply to the facts of the case the "doctrine of the last clear chance."

■■ We shall discuss the first assignment of error. The trial court based its judgment on a "Statement of the Case and Opinion" from which after eliminating the summary made therein of the averments of the complaint and of the answer, and the reference to the date of the trial and

to the fact that the parties introduced evidence, as well as the prayer for judgment, there only remains the following:

"The evidence introduced by both parties is contradictory but the court believes that it was satisfactorily shown that on May 29, 1949 at about five o'clock in the afternoon, Ángel Monzón was driving his Pontiac automobile No. 61–913 on the insular highway which leads from Comerío to Bayamón and upon approaching kilometer 4 of that highway a Dodge truck No. H 45–352 belonging to Ramón Izquierdo and driven by Roberto Miranda Rivera, who at the time was acting as an employee of Ramón Izquierdo in the discharge of his duties, suddenly came out of a transversal alley which terminates in the aforesaid highway, causing the collision of the vehicles. Undoubtedly, a person who drives an automobile on an insular highway should not expect a truck driven by a chauffeur on a dirt road or alley to dart out into the road at the precise moment when a car is passing.

"The evidence has shown that the Pontiac automobile belonging to Ángel Monzón suffered damages whose repair cost $947.05 which the plaintiff American Surety Co. had to pay to Ángel Monzón since the latter had an insurance policy with the plaintiff covering collision risk. In the instant case the truck driver, Roberto Miranda Rivera, was negligent while acting within the scope and duties of his employment as an employee of the defendant, Ramón Izquierdo. At the date of the accident the defendant Maryland Casualty Co. had issued an insurance policy to Izquierdo with a public liability risk clause covering any damages which the vehicle might cause."

This assignment of error is predicated on Rule 52 (a) of the Rules of Civil Procedure which provides that "In all actions the court shall set forth the facts as found by it and state separately its conclusions of law thereon and direct the entry of the appropriate judgment; . . ." The requirements provided by the aforesaid Rule, as well as the manner of complying therewith, are clearly stated in our opinion in *Meléndez* v. *Metro Taxicabs*, 68 P.R.R. 709:

"However, although in this particular case we do not reverse the judgment for failure to comply with Rule 52 (a), we think it appropriate to indicate to the district courts that this Rule

requires them to abandon their previous practice of writing a 'Statement of the Case and Opinion' in which a summary of the testimony, the reasoning of the court and the facts and law it finds are all set forth in a continuous narrative form. Rule 52(a) contemplates a separate statement in a separate paragraph of each underlying and ultimate fact which the court finds, not a summary of the evidence adduced to establish these facts. This should, in turn, be followed by a separate statement in a separate paragraph of each conclusion of law. Finally, although it is not required by Rule 52(a), if the district court wishes to do so, it may at its option set forth in an opinion its reasoning showing how application of its conclusions of law to the facts it has found makes it necessary to enter a certain judgment. All this is familiar practice in the Federal courts under Federal Rule 52(a) which is substantially the same, for present purposes, as our Rule. See *Woodruff* v. *Heiser*, 150 F. (2) 869, 871, (C.C.A. 10th 1945); *Woodruff* v. *Heiser*, 150 F. (2) 873, 875 (C.C.A. 10th 1945); *United States* v. *Forness*, 125 F. 2 928, 942, 43 (C.C.A. 2nd, 1942); Commentary, Form and Scope of Findings of Fact, 5 Fed. Rules Serv. 839."

As may have been noticed, in the case at bar the appellants answered the complaint alleging, among other facts, that "Assuming that the accident occurred and that it can not be attributed to Monzón's sole negligence, the accident was then due to his contributory negligence, . . . ." Yet, in the "Statement of the Case and Opinion" on which the judgment appealed from was based, the trial court made no finding of fact or conclusion of law as to the defense of contributory negligence. The proved facts which the court found constituted negligence do not exclude the possibility that Ángel Monzón could have contributed to the accident which gave rise to the suit and, in the absence of any finding as to the defense of contributory negligence, we must proceed as we did in *Darder* v. *Bayamón Truck Service*, 72 P.R.R. 74, where we set aside a judgment of the District Court, Arecibo Section, and remanded the case for compliance with Rule 52(a) because the court failed to state

any conclusions of law or findings of fact in connection therewith in a case where a similar defense was raised.

For the foregoing reasons we find it unnecessary to discuss the other assignments.

The judgment is set aside and the case remanded in order that the Superior Court, Bayamón Part, may comply with Rule 52(a), and render the proper judgment.

Mr. Justice Ortiz did not participate herein.